**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LAURENCE HALSTEAD III,      :
                              :
      Plaintiff,         :
                              :
    v.                 :  Civil Action No. 08-1778 (JR)
                              :
GOVERNMENT EMPLOYEES INSURANCE  :
COMPANY (GEICO), *et al.*,    :
                              :
      Defendants.       :

**MEMORANDUM**

Although the complaint in this case says it is for "breach of contract, malicious breach of contract, breach of the covenant of fair dealing, violation of consumer protection and for abuse of process, malicious abuse of process and misuse of process," it is really an attempt to collect more money than the $100,000 the plaintiff accepted in settlement of claims he made years ago after he suffered injuries in an automobile accident. The suit is entirely without merit. Plaintiff's assertion of third party rights under his passenger's insurance policy (see Complaint, para. 85) is muddled, to say the least. The only "contract" that plaintiff had was an agreement to settle, and that agreement was honored. The defendants neither initiated nor served process, so they could not have "abused," "maliciously abused," or "misused" process. Plaintiff has cited no authority, nor have we found any, for the proposition that either the covenant of fair dealing or the consumer protection statute has

any application to the settlement of tort cases, particularly where, as here, all the litigants were represented by competent counsel.  Plaintiff settled and dismissed with prejudice the same claim against GEICO that he has attempted to repackage here, executing a general release of GEICO.  The conflict of interest claim he asserts *en passant* against the lawyers who represented GEICO in Superior Court is particularly unmeritorious; counsel were not responsible for the fact (surely not an unusual fact in Washington, D.C.) that the underinsured motorist coverage on the vehicle plaintiff was driving and the coverage on the vehicle driven by the tortfeasor was all written by GEICO.  If plaintiff's conflict of interest argument were accepted, it would mean that in every case in which GEICO has insured both the plaintiff and the defendant it would have to be unrepresented on one side or another of the "v."  Plaintiff has failed to state a claim upon which relief can be granted.  The defendants' motions to dismiss will be granted.


                                        JAMES ROBERTSON
                                  United States District Judge